VIRGINIA MCMANIGAL ET AL., PLAINTIFFS IN ERROR,
v. WILLIAM C. SEATON ET AL., DEFENDANTS IN
ERROR.

1. **Liquors**: SALE: EVIDENCE. In an action by a wife and her
minor children against certain saloon-keepers, for loss of support from the intoxication of the husband and father, caused
by liquor alleged to have been furnished by certain saloon-keepers, there was proof of distinct sales by said saloon-keepers
of intoxicating liquor to said husband and father during the
period stated in the petition, and also of his continuous intoxication during that period, and of his remaining in and near said
saloons. *Held*, That testimony introduced by the saloon-keepers, that they had refused to furnish him intoxicating
liquor, without disproving the particular acts testified to by the
witnesses of the plaintiff, did not warrant a verdict for the
defendants.

2. ———: ———: ———. Proof of the sale of intoxicating
liquors may be shown by circumstances, and such circumstances
may be sufficient to overcome the positive testimony of witnesses.

ERROR to the district court for Washington county.
Tried below before NEVILLE, J.

*Jesse T. Davis* and *W. H. Eller*, for plaintiffs in error,
cited: Comp. Stat., Sec. 15, Ch. 50.

*W. C. Walton* and *Osborn & Farnsworth*, for defendants in error.

MAXWELL, J.

This action was brought by the plaintiffs against the
defendants, who were saloon-keepers in the city of Blair,
to recover damages for loss of means of support of the
husband and father of the plaintiffs, caused by intoxicating liquors, alleged to have been furnished by said de-

fendants to the aforesaid husband and father.    The peti-
tion is very lengthy, and contains a number of unnecessary
allegations, by reason of which collateral matters were put.
in issue, the tendency of which was to distract the atten-
tion of the jury from the real question for their deter-
mination.    The petition contains the following allegations:
"That on or about the year 1883, the said Arch D. Mc-
Manigal commenced the use of intoxicating drinks to
excess, and from said time until the commencement of
this action, Arch D. McManigal has spent nearly all of
his means and profits, as well as all his property, both real
as well as personal property, in the purchase of intoxi-
cating liquors, bought of the defendants; which liquors·
were drunk by said Arch D. McManigal, which caused
the intoxication hereinafter mentioned ; that during all of'
the time since 1883 the said Arch D. McManigal has
wholly neglected his business, and has failed to provide
for and maintain his family, these plaintiffs, and these·
plaintiffs have suffered for the commonest necessaries of
life, to-wit, shoes and clothing to protect them from the
inclement weather during the winter of 1885-1886, so
much so that some of the said minor children were com-
pelled to remain away from school.    That during most of
the time the said Arch D. McManigal was in a drunken
condition, and wholly unfitted to attend to any ordinary busi-
ness, and did neglect his said business, so that his property·
was squandered, as well as his family being caused great
suffering, but spent his time and means in and about the·
places of business of these defendants, drinking and loafing·
in said places ; that by reason of this excessive use of intox-
icating liquors said Arch D. McManigal has become an
habitual drunkard, and these plaintiffs have thereby suffered
and were deprived of their support and means of support."

There are other allegations in the petition in regard to·
the failure of the said McManigal to support the plaint-
iffs, to which it is unnecessary to refer.

The defendants answered separately, in substance denying that they furnished liquor to said McManigal.

On the trial of the cause the jury found a verdict in favor of the defendants, and a motion for a new trial having been overruled, judgment was entered dismissing the action.

The principal error relied upon in this court is, that the verdict is against the weight of evidence.

The testimony tends to show that for several years prior to the year 1883, Arch D. McManigal, the husband of the plaintiff and father of the minor children, was somewhat addicted to the use of intoxicating liquor, but not so much so as to seriously impair his capacity for business. About the year 1883, however, he became addicted to the constant and excessive use of intoxicating liquors, and this continued until the bringing of this action. A number of witnesses testified that, during the period named—from 1883 to the bringing of this suit—they saw McManigal procure intoxicating liquor in the several saloons of the defendants, and in two of them, at least, they saw him playing cards or throwing dice for the drinks.

These witnesses are corroborated by the fact that McManigal was constantly around the several saloons of Blair, and almost continually under the influence of intoxicating liquor. In opposition to this testimony, the defendants introduced witnesses who testify that they (the saloon-keepers) refused to sell McManigal liquor. These denials are explicit, but they fail to cover the time testified to by the witnesses for the plaintiff. All of the defendants' witnesses testify that liquors may have been furnished in the several saloons to McManigal, of which they had no knowledge. In addition to this, the fact that McManigal was seen in the defendants' saloons under the influence of intoxicating liquor is a strong circumstance tending to show that he procured the liquor in such saloons. If the defendants are to be believed, McManigal procured intoxicating

drinks from none of them, and yet he was constantly around their places of business, and continuously under the influence of liquor. These circumstances cannot be overcome by a mere denial of the sale of liquor. The sale of intoxicating liquor, like any other fact, may be proved by circumstantial evidence, and it is the duty of the jury in making up the verdict to weigh all the evidence in the case. That the jury did not weigh all of such evidence is very clear, or they would have reached a different conclusion as to some of the defendants at least. The verdict is against the clear weight of evidence, and the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.