JOSEPH GUTSCHOW v. WASHINGTON COUNTY.*

FILED NOVEMBER 11, 1905.   No. 13,864.

1. **Drains:** CLAIM FOR DAMAGES: WAIVER.   When a person files a claim for damages to his premises caused by the location of a proposed drainage ditch, he thereby waives objection to any irregularities in the proceedings to establish the same. *Davis v. Boone County,* 28 Neb. 837.

2. ———: DAMAGES.   Where an assessment to the amount of the special benefits he has received has already been assessed against the owner of lands over which a drainage ditch is proposed to be constructed, the value of such special benefits should not be deducted from any damages accruing to the land not actually taken for the construction of the proposed improvement. *Martin v. Fillmore County,* 44 Neb. 719, distinguished.

ERROR to the district court for Washington county : 'LEE S. ESTELLE, JUDGE.   *Reversed.*

---

* Rehearing denied. See opinion, p. 800, *post.*

*Brome & Burnett* and *E. C. Jackson,* for plaintiff in error.

*E. B. Carrigan, F. Dolezal* and *Walton & Mummert,* contra.

LETTON, C.

This is a proceeding in error from the district court for Washington county to review the proceedings of that court in the trial of an appeal from an allowance of damages made in proceedings for the construction of a drainage ditch in that county; the ditch being the same one the proceedings to establish which were attacked in the case of *Morris v. Washington County,* 72 Neb. 174. The plaintiff Gutschow is the owner of lands through which the line of the proposed ditch runs. In the report of the engineer filed in the proceedings for the establishment of such drainage ditch, the cost of the location and construction of the ditch through the lots and lands benefited by said ditch belonging to the plaintiff is apportioned at the sum of $1,124.20. On the filing of the report a time was fixed by the county clerk for a hearing upon the same, and notice duly given according to the statute, and in pursuance to the notice the plaintiff filed objections to the jurisdiction of the county board, and also filed his claims for damages and for compensation for land actually taken. The objections to jurisdiction were overruled, and a finding made by the county board that 3 5-10 acres of the plaintiff's land were appropriated for the location of the ditch, of the value of $140, and they further appraised the damages to the remainder of the tract at the sum of $100, and overruled and disallowed the plaintiff's claim for further compensation. On appeal to the district court a trial was had to a jury and a judgment rendered in favor of the plaintiff for $225, to reverse which judgment these proceedings are brought.

So far as the objections to jurisdiction are concerned,

they are disposed of by the decisions in *Dakota County v. Cheney,* 22 Neb. 437; *Darst v. Griffin,* 31 Neb. 668, and *Dodge County v. Acom,* 61 Neb. 376, and we deem it unnecessary to further discuss this question. We have heretofore held that, where a landowner files a claim for damages caused by the location of a public road over his land, he thereby waives any objections on the ground of irregularity in locating the road. *Davis v. Boone County,* 28 Neb. 837. When the board once acquired jurisdiction, all subsequent irregularities were waived by the filing of the plaintiff's claim for damages. The district court therefore did not err in sustaining the motion to strike a part of the plaintiff's petition.

The question raised as to the right of appeal from the finding of the board that the improvement was conducive to public health, convenience or welfare has already been considered and determined in *Dodge County v. Acom, supra,* and with the rule there announced we are content.

The trial court instructed the jury that, for the diversion of the natural flow of the water of Fish creek from the natural channel thereof through the plaintiff's land, he could only be allowed nominal damages. It is urged by the defendant that this instruction, even if erroneous, was wthout prejudice, since the jury were also instructed that the measure of damages for the injury and depreciation to land not actually taken is the difference between the fair market value of the whole farm immediately before and after the location thereof, less the amount appropriated for the ditch, and futher, in this connection, that they were entitled to take into consideration the effect of the location of the ditch upon the uses to which the farm is adapted, or its productiveness, and whether the location and construction of the ditch render it more or less attractive to buyers. They were also told they should consider the size of the farm, the size and general manner of the construction of the ditch, the manner in which it crosses the lands of the appellant, and whether or not the construction of the ditch renders it more or less conven-

ient to carry on said farm. The defendant argues that under these instructions all actual damages which the plaintiff might suffer from the diversion of the waters of Fish creek are included, and that an instruction to allow only nominal damages for the diversion of Fish creek is proper. As to this proposition we have some doubt. If the instruction as to the waters of Fish creek had been omitted entirely, there is no doubt that the other instructions are broad enough to direct the jury to consider the damages, if any, suffered by the appellant by reason of the diversion of these waters, but this item of damages was removed from their consideration altogether by this instruction being given directing them to allow only nominal damages therefor. Whether the instruction is so prejudicially erroneous as to justify a reversal we are not compelled to determine at this time, but think that upon a new trial it should not be given.

The fifth assignment of error challenges the action of the trial court in refusing to give instruction No. 1 asked for by the plaintiff and in giving instruction No. 5 on its own motion as to the deduction of special benefits. Instruction No. 5 referred to is as follows: "When you have ascertained the total damages, if any you find, suffered by appellant to the portion of his land not taken, you must deduct therefrom any special benefits which you find said land may have derived from the location and construction of said ditch. In determining the special benefits accruing to land by reason of the construction of the ditch, it is proper for you to take into consideration whatever will come to the land from the drain or ditch, making it more valuable for tillage or more desirable as a place of residence, or more valuable in the general market, the true and final test being what will be the influence of the proposed improvement on the market value of the property; but you are in no event to take into consideration the general benefits which the appellant may derive from the location and construction of said ditch; and a general benefit is one which is enjoyed, not by appellant alone, but by

the property owners along the line of said proposed ditch."
The objection made to the refusal of the instruction asked
by the plaintiff and the giving of this instruction is that it
announces an improper rule as to the deduction of special
benefits. It will be seen that the rule laid down in this
instruction is that which has been adopted by this court
with reference to the ascertainment of damages by reason
of the appropriation of land for the purposes of the con-
struction of a highway or railroad, or for other like public
purpose.

The plaintiff contends that a different rule should obtain
in a case where the landowner himself is compelled to
bear the burden of the special benefits which his land sus-
tains from the improvement. A special tax of $1,124.20
has been levied and assessed upon the lands of the plaintiff
to pay for the construction of this improvement. This
assessment represents the value of the special benefits
which will accrue to the real estate through which the
ditch passes by reason of its construction, and he is com-
pelled to pay that amount to reimburse the county for
the money expended in the construction of the ditch. In
the case of a highway being opened across his premises
or of a railway being constructed thereon, the landowner
may, in a sense, be said to pay the value of the special bene-
fits which he derives by reason thereof, by such value
being deducted from whatever damages the land not ac-
tually taken for the improvement may suffer by reason of
the same. In the case of a drainage ditch, however, these
benefits are assessed against him by the very act of the
public authorities which appropriates his land to the pub-
lic use. To allow these benefits to be deducted from any
damages which he may suffer to the land not taken would
be to compel him to pay twice to the public the value of
the special benefits which he has received. This would
manifestly be unjust and inequitable, and would impose a
burden upon him in excess of that borne by those whose
lands were not damaged. To illustrate, suppose two ad-
joining proprietors were each assessed $1,000 for special

benefits accruing to the lands by reason of the proposed improvement. If the land of one were not damaged in any way by the proposed improvement, this amount would be the extent of the burden imposed upon him; but, if the land of the other proprietor were so traversed by the line of the ditch that the value of the remainder of the tract was depreciated $2,000 by the construction of the ditch, if he were then compelled to offset against the damage $1,000 in special benefits received by reducing his compensation to that extent, his burden would be double that of his neighbor, since he would be mulcted $2,000 for the same improvement for which his neighbor pays but $1,000. In the case of a railroad or a highway the value of the special benefits accruing to the land is not assessed against, and paid by, the landowner, and hence the same should be deducted from his incidental damages; but with a drainage ditch the conditions are different, and the rule laid down by the district court would compel a double burden to be placed upon the landowner whose premises were damaged. Where special benefits have already been assessed against the owner of lands damaged by a proposed drainage ditch, the value of such special benefits should not be deducted from any damages accruing to the land not actually taken for the construction of the proposed improvement. *Livingston v. Mayor of New York,* 8 Wend. (N. Y.) 85, 22 Am. Dec. 622; *Drainage Commissioners v. Volke,* 163 Ill. 243, 45 N. E. 415; *Thomas v. County Commissioners,* 5 Ohio N. P. 449. The apportionment of the cost of the ditch to each landowner is an exercise of the power to tax, but the taking of his property and the ascertainment of the damages he may suffer thereby is an exercise of the power of eminent domain. The statute makes no provision for the deduction of damages from the amount assessed against the land as special benefits, but the method provided is that the county authorities shall establish the apportionment according to benefits first, and afterwards examine claims for damages and allow compensation therefor. No method is provided for offsetting one against the other.

It is true that in *Martin v. Fillmore County*, 44 Neb. 719, it is said that, in addition to recovering the value of the land appropriated, the landowner should recover any damages sustained by that portion of the land not appropriated, and as against the latter item special benefits, but not general benefits, may be set off. That case, however, was reversed, for the reason that no damages whatever were allowed the defendant; and it is said:

"The foregoing is a rule interpreting that clause of the constitution providing that the property of no person shall be taken or damaged for public use without just compensation therefor. Whether the act providing for the construction of such ditches (Comp. St. ch. 89) contemplates an assessment of damages in accordance with this rule is immaterial to the case." The question under consideration was neither raised nor determined in that case, and the rule announced here is not inconsistent with the result then reached.

We recommend that the judgment of the district court be reversed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.

The following opinion on motion for rehearing was filed March 17, 1906. *Rehearing denied:*

Drains: DAMAGES: BENEFITS. Where an action is brought to recover damages occasioned by the construction of a drainage ditch, and it appears that the special benefits received by any particular tract of land exceed that portion of the cost of the ditch apportioned to it, the special benefits in excess of the cost may be set off against consequential damages.

LETTON, J.

The former opinion (*ante*, p. 794) filed in this case apparently having been misunderstood by counsel, we think it

proper to make more clear the meaning of the court. The proper rule was announced in the second paragraph of the syllabus, as follows:

"Where an assessment to the amount of the special benefits he has received has already been assessed against the owner of lands over which a drainage ditch is proposed to be constructed, the value of such special benefits should not be deducted from any damages accruing to the land not actually taken for the construction of the proposed improvement. *Martin v. Fillmore County*, 44 Neb. 719, distinguished."

But counsel seem to have construed the opinion to hold that the amount of the special benefits is in all cases determined by the cost of the ditch. It is clear that the value of the special benefits which may accrue to a particular tract of land by the construction of a drainage ditch may greatly exceed that portion of the cost of the ditch apportioned to that tract. The proportion of the cost assessed to any particular tract cannot exceed the special benefits accruing to that tract, but the special benefits may greatly exceed the proportion of the cost of construction which is assessed against it. As is pointed out in the opinion:

"The statute makes no provision for the deduction of damages from the amount assessed against the land as special benefits, but the method provided is that the county authorities shall establish the apportionment according to benefits first, and afterwards examine claims for damages and allow compensation therefor. No method is provided for offsetting one against the other."

This language refers to the proceedings whereby the cost of the improvement is assessed against the land benefited. At that time no method of offsetting benefits against damages is provided. However, when an action is brought to recover damages and it appears that the special benefits received by any particular tract of land exceed that portion of the cost of the ditch apportioned to it, the special benefits in excess of the cost may be offset against consequential damages, that is, such part of the

value of the special benefits as is in excess of the assess-
ment can be used to reduce the damages.

The motion for rehearing is

OVERRULED.