JOHN WIESE V. HERMAN GERNDORF ET AL.

FILED FEBRUARY 22, 1906. No. 14,118.

1. **Instruction.** The trial court told the jury that there was no evidence of certain facts material to the issues in the case, while the record shows evidence sufficient to require the question of the existence of such facts to be submitted to the jury for its finding. *Held,* Error.

2. **Intoxicating Liquors:** INJURY: INSTRUCTION. Under our statute, it is not necessary that the liquors furnished by a defendant be the sole or even the principal cause of an alleged injury to the plaintiff, and an instruction to that effect is erroneous.

ERROR to the district court for Douglas county: EDMUND M. BARTLETT, JUDGE. *Reversed.*

*T. A. Hollister* and *Smyth & Smith,* for plaintiff in error.

*Jefferis & Howell, contra.*

DUFFIE, C.

The plaintiff in error, who was plaintiff in the trial court, is a farm hand, and at the time of his injury was engaged by a farmer a short distance from the town of Millard, Douglas county, Nebraska. On Sunday afternoon, December 7, 1902, he visited the saloons of Gerndorf, Stockman, Seeman and Koch in the town of Millard, where he procured and drank beer and other liquors. Previous to the usual evening meal-time he returned to the farm, fed the cows and horses and did some other chores, ate his supper, and returned to Millard, again visiting some, if not all, of the saloons, procuring and drinking liquors therein. Some time during the night he started for home, and, as is alleged in the petition, being unable to care for himself on account of his intoxicated condition produced by liquors sold him by the defendants, after proceeding about a quarter of a mile, fell to the ground, became stupefied, numb and unconscious, and was unable to arise, and remained in said condition during the remainder of the night, and, when found the next morning, his hands were frozen to such an extent that amputation of all the fingers of both hands and a part of each thumb was necessary. He brought this action against the above named defendants and their bondsmen to recover damages on account of his said injuries. The jury returned a verdict in favor of the defendants. A motion for a new trial was overruled, and judgment entered on the verdict, from which the plaintiff has taken error to this court. The motion for a new trial included all of the defendants, and it follows that, if the verdict was a proper one as to any of the defendants, the motion for a new trial was properly overruled, and the judgment of the trial court must be affirmed. *Lydick v. Gill,* 68 Neb. 273.

It is insisted that there was no evidence tending to show

that the defendant Koch sold to the plaintiff any of the liquors contributing to his intoxication, and if we understand their theory it is this: That Wiese was not intoxicated at the time he left Millard and returned to the farm to do his evening work, and that there is no evidence tending to show that he got any liquor from the defendant Koch on his return to Millard in the evening. In its sixth instruction, the court said to the jury: "There is no evidence that he visited the saloon of the defendant Koch, or that Koch sold him any liquor, or that he drank any liquor in Koch's saloon upon his return to the village after supper." If this was a proper instruction under the evidence, and the jury found that the liquor sold to the plaintiff in the afternoon did not contribute to the plaintiff's intoxication in the evening, if he was intoxicated at that time, then the defendants' contention would have to be sustained, as under these circumstances the defendant Koch was not liable, and the court did not err in overruling the motion for a new trial as to him; but we cannot agree with the trial court that there was no evidence that the plaintiff visited or drank at Koch's saloon during the evening and after his return from the farm. It is undisputed that Koch's saloon was open during the evening, and on cross-examination of the witness Hagerman the defendants themselves called forth the fact that Hagerman left Gerndorf's saloon with Wiese and went with him to Anderson's corner, stopped a few minutes at the corner, when Hagerman went home and Wiese went to Koch's saloon about 10 o'clock in the evening. Again, the witness Dahmke, called by the defendants, testified on cross-examination that Wiese told him, in a conversation between them at the hospital, that he came out of Gerndorf's saloon and went to the corner of Charles Anderson's and that from there he went to Koch's where he had some schnapps. The witness Delfs testified that he saw Wiese in Koch's that night. Under the rule established in *McManigal v. Seaton,* 23 Neb. 549, that proof of the sale of intoxicating liquors may be shown by circumstances, we think that the

evidence was sufficient to go to the jury upon the question of the plaintiff's visiting and drinking intoxicating liquors at Koch's saloon during the evening after his return to the village from the farm.

The seventh and ninth instructions are in the following language: "Seventh. In considering the causes of the injury you will take into consideration all of the evidence in the case, and if you should find that the injury was in fact produced by causes other than the drinking of intoxicants furnished by defendant saloon keepers, then you will find against the plaintiff, and in favor of all of the defendants." "Ninth. The jury are instructed that the fact that the plaintiff did drink beer or whisky, or both, that afternoon and evening, does not in itself establish the fact that the injury which the plaintiff received was the result of such drinking. Before the plaintiff can recover, you must find that the injury which he complains of was the result of the intoxication, if you should find from the evidence that there was intoxication, and not of other causes." These instructions are open to the same objection made to the instruction discussed in *McClellan v. Hein,* 56 Neb. 600. In the latter part of the ninth instruction the jury are plainly told that before the plaintiff can recover they must find that the injury which he complained of was the result of the plaintiff's intoxication. In the words of the opinion above referred to this "is erroneous, in that it states a rule by which there was excluded from the consideration of the jury the intoxication of Edward D. McClellan as a contributing or assisting cause of the accident, and conveyed to that body the idea that the intoxication, if determined to exist, must be shown to be the primary or main and governing cause. This is contrary to the established doctrine in this state. Under the provision of our statute it is not necessary that the liquor furnished by the defendant be the sole or even the principal cause of the alleged injury. * * * *McClay v. Worrall,* 18 Neb. 44; *Cornelius v. Hultman,* 44 Neb. 441; *Gran v. Houston,* 45 Neb. 813; *Sellars v. Foster,* 27 Neb. 118."

Because of the errors above discussed, we recommend a reversal of the judgment and that the cause be remanded for another trial.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for another trial.

REVERSED.