JOSEPH GUTSCHOW, APPELLANT, V. WASHINGTON COUNTY, APPELLEE.

FILED APRIL 10, 1908.   No. 15,476.

Drains: CONSTRU TION: DAMAGES.   One whose land is traversed by a drainage ditch constructed under the provisions of sections 5500-5527, Ann. St. 1907, is entitled to recover the value of the land actually taken therefor, together with special damages, if any, to the remainder of his land caused by the construction of the improvement; but he cannot recover in such proceeding the damages he may have theretofore sustained by reason of the neglect of the county board to keep a previously established ditch free from silt and debris and in a suitable condition to serve the purpose for which it was constructed.

APPEAL from the district court for Washington county: ABRAHAM L. SUTTON, JUDGE.   *Affirmed.*

*H. C. Brome* and *E. C. Jackson,* for appellant.

*Frank Dolezal, E. B. Carrigan* and *W. C. Walton,* contra.

BARNES, C. J.

This is an appeal from a judgment of the district court for Washington county in an action on a claim for damages alleged to have been sustained by the plaintiff in the construction of a drainage ditch in that county.   This is the second appearance of the case in this court; plaintiff, who is the appellant, having prosecuted error from a former judgment, which was reversed because of an erroneous instruction as to the measure of damages in such cases.   *Gutschow v. Washington County,* 74 Neb. 794.   Upon a retrial of the case in the district court a

verdict was returned in favor of the plaintiff for $140, and he prosecutes this appeal.

It is practically conceded by counsel for both parties that the only question presented for our determination is the measure of plaintiff's damages. The facts upon which the principal assignment of error is based are not at all in dispute. It appears that Fish creek was a natural watercourse passing through plaintiff's land and emptying into the Missouri river some three or four miles below his premises. In 1883 the counties of Burt and Washington constructed a drainage ditch from a point in Burt county to an outlet in Washington county, called the "Fish Creek" ditch. No portion of the original ditch was constructed upon the plaintiff's land. It intersected Fish creek north of his northern boundary, and used that creek from the point of its intersection to the Missouri river, which served as an outlet for the water flowing through the ditch. The improvement as thus constructed drained a large tract of wet land situated in said counties, and for a time served the purpose for which it was constructed. For a number of years thereafter the county of Washington made some efforts to keep the ditch free from obstructions; but in time it began to fill up with silt and debris brought down by the flood waters of wet seasons, and a fair preponderance of the evidence shows that not only the ditch, but Fish creek itself, was completely filled up in places, and that part of it where it passed through plaintiff's land had been in that condition for several years prior to March, 1903. At that time, on the petition of interested landowners, the county of Washington entered upon a scheme to cause the part of the ditch situated in that county to be straightened, widened, altered and deepened, and to that end employed an engineer whose plan was ultimately adopted and put in force. The improvement thus determined upon practically followed the old bed of Fish creek from the place where the original ditch had intersected it to a point on the east line of plaintiff's land, from where it was carried to the

east across lands belonging to other people, and again intersected the creek about one mile south of plaintiff's line. The right of the county to determine that the original ditch and outlet were insufficient to accomplish the successful drainage of the territory contemplated was vindicated by this court in the case of *Morris v. Washington County*, 72 Neb. 174.

At the time of the location and construction of the new ditch, as above stated, the bed of Fish creek had become obstructed and filled up, and no longer afforded a channel through which the waters could escape, so that the water coming down from the west and from a stream called North creek, which had originally emptied into the channel of Fish creek, spread out over plaintiff's lands and rendered a considerable quantity of it useless for agricultural purposes, and this condition had existed for several years. When the new ditch was constructed, plaintiff was assessed for special benefits, and $3\frac{1}{2}$ acres of his land were actually taken for the construction of the improvement. His claim is, first, for the value of the land so taken; and, second, for special damages to the remainder of his farm which he alleges he has sustained by reason of the improvement. The judgment of the district court upon the last trial awarded him $140 for the land actually taken, and nothing whatever for special damages. At the trial plaintiff introduced evidence tending to establish his contention that the original Fish creek ditch and the channel of that creek and its outlet had become filled with silt and other debris, so that the free passage of water through that outlet, including the waters of both Fish creek and North creek, was thereby obstructed, and the water was caused to spread out upon and greatly depreciate the value of his land; that this was due to the failure of the county to maintain the original ditch and its outlet in substantially the same condition they were at the time of its construction. Having attempted to establish these facts by the introduction of the evidence above mentioned, plaintiff then offered to prove, as a

basis of his claim, the fair market value of his land at the time the new ditch was located, on the assumption that Fish creek was maintained as a natural watercourse, and not filled up with silt and other debris, contending that the difference between such value and its value after the new ditch was constructed was the proper amount of his damages. The court excluded the evidence so far as it was sought to prove the value of the plaintiff's land on the assumption that Fish creek was maintained as a natural watercourse, and in the same condition that it was when the old or original ditch was constructed; and the exclusion of this evidence is the principal error discussed by the briefs and arguments of counsel.

The rule as to the measure of damages in drainage cases arising under the provisions of sections 5500-5527, Ann. St. 1907, was settled on the former hearing of this case. *Gutschow v. Washington County, supra.* It was there held that the plaintiff was entitled to recover the difference between the value of his land at the time the proceedings to construct the improvement were commenced and its value after the same was constructed and in operation, undiminished by any deduction for special benefits. It appears that such was the rule applied by the district court on the last trial of this cause. However, the plaintiff now contends that, because the county failed and neglected to keep the original Fish creek ditch and the channel and outlet of that creek open, and had for many years allowed them to fill up with silt and debris, and remain in that condition to his damage, he should be allowed to recover such damages in this action. This contention cannot be sustained for several reasons, as we shall presently see.

The drainage act, under which the ditch in question was constructed, provides in substance that the lands of the petitioners and others whose lands are specially benefited by the improvement shall be taxed to pay the costs thereof, including damages to landowners by reason of its construction; and it appears that the county is only

chargeable with the expense of its maintenance. To that end it is provided by section 5525, Ann. St. 1907, that the county board may create a ditch fund to be expended for that purpose. This, however, affords no reason why the persons petitioning for, and others having land benefited by, the enterprise should be burdened with claims for damages sustained by reason of the neglect of the county board to keep another ditch or waterway in proper condition to serve the purpose for which it was constructed. Especially is this so when, as in the case at bar, the new ditch serves in a considerable measure to mitigate the evil caused by such neglect. Again, the trial court seems to have taken the position that, even if it was the duty of the county board to keep the old ditch and Fish creek and its outlet cleaned out, and that the failure to do so gave the plaintiff a right either to enforce that duty or maintain an action for damages against the county board because of such neglect, still such right was an independent one, which was not an outgrowth of the new improvement, and could not be maintained or enforced in this action. We are of opinion that the holding of the district court was right on this point; and this view is not in conflict with the provision of the constitution (art. I, sec. 21) that "the property of no person shall be taken or damaged for public use without just compensation therefor."

It appears that the plaintiff was allowed the sum of $140 for that part of his land actually taken for the construction of the new ditch. This seems from the evidence to have been a fair and just amount, and disposes of that element of his damages. While it incidentally appears that about seven acres of the plaintiff's land were cut off by the new ditch from the main body thereof, and may have been rendered inaccessible thereby, still that fact was treated as of no particular significance. No claim for damages was made therefor in the trial court, and no such claim is urged here. As above stated, the jury awarded nothing to the plaintiff for special damages to

that part of his land not taken for the construction of the ditch, and under the circumstances disclosed by the evidence this was undoubtedly correct. Any scheme that would divert a portion of the water from plaintiff's land would to that extent be beneficial, and if we are to measure his damages by comparing the condition of his land immediately before the construction of the new ditch with its condition immediately afterwards, without taking into account his right to have the obstructions removed from the channel of Fish creek and the natural watercourse restored, it is apparent that the plaintiff has no substantial claim for special damages. It seems clear from the evidence that by the construction of the improvement in question plaintiff sustained no such damages, but on the contrary his lands were benefited to a considerable extent thereby.

For the foregoing reasons, we are of opinion that the judgment of the district court is right, and it is therefore

AFFIRMED.