CHARLES E. SMITH, APPELLEE, V. WILLIAM LORANG, APPELLANT.

FILED SEPTEMBER 26, 1910. No. 16,131.

1. Intoxicating Liquors: ACTION FOR INJURIES: EVIDENCE. In an action against a saloon-keeper to recover damages for personal injuries resulting from the defendant's traffic in intoxicating liquors, the plaintiff is not required to prove that intoxicating liquors sold by the defendant were the sole or even the principal cause of the former's injury, but only that intoxication caused by such traffic contributed thereto.

2. Instructions should be construed together, and if, taken as a whole, they do not prejudice the appellant will be held sufficient.

3. Appeal: HARMLESS ERRORS. This court will disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the appellant.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*R. J. Millard* and *B. Ready*, for appellant.

*H. E. Burkett, contra.*

ROOT, J.

This is an action for damages caused by personal injuries resulting, as alleged, from the defendant's traffic in intoxicating liquors. The plaintiff prevailed, and the defendant appeals.

The evidence is harmonious in many particulars. The proof is undisputed that the defendant in 1908 was engaged in the retail sale of intoxicating liquors; that the plaintiff was in the defendant's saloon from 2 o'clock until the evening of a day in June of that year, and then and there purchased over the defendant's bar and drank intoxicating liquors. The evidence also proves that the plaintiff was sober when he entered said saloon and intoxicated at 6 o'clock that evening, and there is no proof that he procured intoxicating liquor at any other place

that day. It also appears from evidence received without objection that the plaintiff while thus intoxicated engaged in an altercation with a Mr. McKenzie in said saloon, and when ejected by the defendant from said building fell or stumbled on a cement walk. An examination by a physician demonstrated that the process of the bone projecting over the plaintiff's left elbow joint was fractured.

1. McKenzie testified for the defendant, and, after the witness had given his version of the contest with the plaintiff, the court, on the plaintiff's motion, excluded McKenzie's testimony. The defendant insists this ruling was erroneous because the witness stated with reference to the plaintiff: "I put a hammer on his elbow and twisted that loose, and he had me by the other arm also." Counsel asserts this testimony justifies an inference that McKenzie struck the plaintiff upon the elbow with a hammer and thereby caused the fracture. The context of the testimony convinces us the witness referred to a wrestling grip or hold, and that the jurors would not be justified, upon a consideration of all the evidence, including that excluded by the court, in concluding that the wrestling bout was responsible for the injury to the plaintiff's arm. The transaction, however, was so closely connected with the plaintiff's expulsion from the saloon that the testimony was relevant and competent, but its exclusion could not have prejudiced the defendant. It is immaterial whether the plaintiff's arm was fractured during his fight with McKenzie or at the time he was expelled from the saloon, so long as his intoxication caused or directly contributed to that injury. *Wiese v. Gerndorf*, 75 Neb. 826. Proof therefore that the plaintiff's arm was fractured during his fight with McKenzie would be no defense to the action, provided the plaintiff's intoxication induced by the defendant's liquors was a contributing cause of the injury. The court protected the defendant upon this branch of the case by instructing the jury there could be no recovery unless the injuries were caused or contributed to by the plaintiff becoming intoxicated as a result of drinking the

defendant's liquors. The most that can be said in the defendant's favor is that proof that the injuries were inflicted during the fight would not support the allegation of the petition that the fracture occurred at the time the plaintiff fell upon the sidewalk. But this slight variance would be controlled by section 138 of the code. This assignment of error is controlled by section 145 of the code and will be overruled.

2. The court's charge to the jury is severely criticised by the defendant's counsel. Upon the record there were but two questions of fact for the jury to determine: First, did the plaintiff's intoxication cause or contribute to his injury? Second, if such intoxication did cause or contribute to the injury, how much should the plaintiff recover? Some of the instructions, considered apart from the remainder of the charge, are not entirely satisfactory; but, taken together, they fairly submit to the jury the issues upon which there is any conflict in the evidence. In some respects the charge is more favorable to the defendant than the evidence justifies. The recovery is not excessive—$400—but little more than double plaintiff's liability for medical services rendered.

Section 145 of the code applies with peculiar force to every error committed during the trial of this case. The defendant has no just cause for complaint, and the judgment of the district court is

AFFIRMED.