JOSEPH GUTSCHOW, APPELLANT, V. FRED RAMSÉR ET AL.,
APPELLEES.

FILED OCTOBER 7, 1910.   No. 16,652.

Mandamus: WHEN ISSUABLE. The writ of mandamus should not be
    issued if a relator does not establish a clear legal right to the
    performance by the respondent of the particular duty sought to
    be enforced.

APPEAL from the district court for Washington county:
WILLIAM A. REDICK, JUDGE. *Affirmed.*

*H. C. Brome* and *Clinton Brome,* for appellant.

*E. B. Carrigan, contra.*

ROOT, J.

This is a proceeding in mandamus. The respondents pre-
vailed, and the relator appeals.

The relator is the owner of several tracts of land in the eastern part of Washington county. In 1883 the county commissioners of said county and the county commissioners of Burt county caused an open ditch to be constructed from a point in the last named county south into Washington county so as to connect said drain with Fish creek, a natural watercourse. Subsequently the commissioners of Washington county caused a ditch, designated as the "Hiland" ditch, to be excavated in the path of the ditch first referred to, and in parts of the bed of Fish creek. The facts relative to the location and construction of the Hiland ditch are referred to in *Morris v. Washington County*, 72 Neb. 174, and *Gutschow v. Washington County*, 74 Neb. 794, 81 Neb. 275. In 1909 an alternative writ of mandamus was issued upon the relation of Mr. Gutschow, commanding the respondents, the county commissioners of Washington county, to show cause why they should not forthwith remove obstructions from the bed of Fish creek. Upon a return to the writ the issues joined were tried upon a stipulation of facts and transcripts of proceedings in the matter of the Hiland ditch. In some respects the facts are clearly stated in the stipulation, but in other particulars we are not advised concerning material facts. The trial court would not have been justified in finding from the evidence whether the obstructions in the bed of Fish creek were caused by the construction of the Fish creek ditch in 1883, or by the change in the course of the Missouri river in 1886, or by unusual rainstorms with resulting flood-waters in 1902, or by a combination of those events. The trial court could not say, and we shall not attempt to find, that the bed of Fish creek would not have been obstructed if the commissioners of the aforesaid counties had not constructed Fish creek ditch. If conditions for which the commissioners of Washington county were in nowise responsible caused the obstruction of the channel of said creek, the relator would have no cause of action in the instant case. The relator must show a clear legal right to a performance by the respondents of the duty

sought to be enforced or a writ of mandamus will not be issued. *State v. City of Omaha*, 14 Neb. 265; *State v. Bartley*, 50 Neb. 874. An application for the writ is addressed to the sound legal discretion of the trial court. *Moores v. State*, 71 Neb. 522.

Upon the record presented, we find that the district court did not err in refusing to issue a peremptory writ of mandamus, and its judgment, therefore, is

AFFIRMED.