FARMERS IRRIGATION DISTRICT, APPELLEE, v. MARY S CALKINS ET AL., APPELLANTS.

FILED FEBRUARY 14, 1920. No. 20829.

1. **Eminent Domain: AWARD: JURISDICTION.** An appeal to the district court in condemnation proceedings was ineffective because taken too late, but the parties agreed by stipulation in that court that a portion of the right of way condemned should be surrendered and a new route taken across the defendant's land, and the damages be ascertained in the district court. *Held,* that, since the court had original jurisdiction of the subject-matter, the stipulation and appearance at the trial conferred jurisdiction of the parties, and the judgment awarding damages was not void for want of jurisdiction.

2. Appeal: NEW TRIAL: REVIEW. Where the district court passes upon the credibility of affidavits filed in support of a motion for new trial, this court will not disturb its findings unless unsupported by the evidence.

3. **Eminent Domain:** DRAINS: DAMAGES. The general rule as to the ascertainment of damages in condemnation proceedings applies to the taking of land for right of way by an irrigation district. *Gutschow v. Washington County*, 81 Neb. 275, distinguished.

APPEAL from the district court for Morrill county: RALPH W. HOBART, JUDGE. *Affirmed.*

*G. J. Hunt,* for appellants.

*L. L. Raymond, contra.*

LETTON, J.

In June, 1917, plaintiff an irrigation district, procured appraisers to be appointed to condemn a right of way for a ditch through the land of defendants. An appraisement and report was made which was filed with the county judge on July 12, and on August 11, an appeal bond was filed and approved. On September 12 a transcript of the proceedings and bond were filed in the district court for the purpose of taking an appeal from the award. A trial was had in the district court and the amount of damages awarded defendants materially reduced. Defendants appeal.

Appellants maintain that the district court never acquired jurisdiction of the appeal because the transcript was not filed within 60 days as required by statute. The transcript was not filed in time, and if the parties had treated the case purely as an appeal probably no jurisdiction would have attached. But these facts are shown by the record: After the appeal had been docketed in the district court, the parties stipulated and agreed in that court that the line of right of way as located in the condemnation proceedings be changed so as to cross defendants' land upon another line. By so doing the irrigation district surrendered all claim to a portion of the land condemned, and took land elsewhere in lieu thereof, and

the owner of the land consented to the taking of this land, which was not considered by the appraisers in the condemnation proceedings. The district court has original jurisdiction of actions for damages for the taking of private property for public use. The trial proceeded as in an action of that nature. It could not be considered an appeal from the condemnation proceedings, because by mutual consent a new issue was raised not presented to the appraisers, and which they had never passed upon. When a court has jurisdiction of the subject-matter, parties may appear and confer jurisdiction over the person. Granting that the appeal was void, yet when both parties voluntarily went into a court having jurisdiction over the subject-matter and submitted to the court and jury the question as to the damages sustained by defendants on account of the taking of other property than that recovered by the award of the appraisers, they abandoned the appeal and vested the court with full and complete jurisdiction. Defendants cannot now contend to the contrary.

What has been said disposes of the objections raised to the bond given upon the appeal.

Affidavits were filed upon the motion for new trial alleging misconduct on the part of two members of the jury. These were met by counter affidavits. The issue thus raised was decided by the district court when it overruled the motion for a new trial. The question is one of veracity. That court was in a more favorable position to settle it than a reviewing court, and we find nothing in the proof that requires a reversal on this point.

It is also assigned that the damages are inadequate. The evidence is conflicting on this point, and since we cannot say the evidence was insufficient to support the finding arrived at by the jury, we are not justified in setting it aside.

The giving of instruction No. 13 is assigned as error. No instruction of that number is found in the record, but evidently No. 3 is the one meant. This instruction

states correctly the general rule for the measure of damages in condemnation proceedings. The rule laid down in *Gutschow v. Washington County*, 81 Neb. 275, is only applicable to such conditions as were shown in that case. viz., that the landowner had already been assessed and compelled to pay to a drainage district the special benefits his land had sustained by reason of the excavation of the drainage ditch, and to deduct them from his damages would make him pay twice for such benefits.

AFFIRMED.

DAY, J., not sitting.