BARBARA JANESOVSKY ET AL., APPELLEES, V. HENRY RATHMAN ET AL, APPELLANTS.

FILED NOVEMBER 17, 1921. No. 21673.

1. **Intoxicating Liquors: ACTION FOR DEATH: INSTRUCTIONS.** Under section 52 of the 1917 liquor law (Laws 1917, ch. 187), interpreted in the light of sections 54 and 58 thereof, it is not im-

proper .to instruct the jury that, if they find that the defendants furnished the deceased "intoxicating liquors which caused or contributed to his intoxication and that his death occurred by accident caused or contributed to by such intoxication," they should find for the plaintiffs.

2. **Trial:** QUOTIENT VERDICT. Where the jurymen separately indicate the amount of damages, the amounts are added, the total sum divided by the number of jurors, the quotient afterward assented to as the amount of their verdict and returned into court and declared by the jury to be their verdict, the judgment based thereon will not be set aside.

3. **Appeal:** MISCONDUCT OF ATTORNEYS: REVIEW. A litigant desiring to claim error on account of the misconduct of opposing parties or counsel must call the attention of the trial court to such misconduct at the time it occurs, ask the court for protection, and preserve in the bill of exceptions the record of what occurs, so that the trial court may have an opportunity to protect the litigant, and, failing that, this court may not properly review the action of the trial court.

APPEAL from the district court for Dodge county: A. M. POST, JUDGE. *Affirmed.*

*F. Dolezal, Cain & Johnson* and *Hanley & Hopkins,* for appellants.

*R. B. Hasselquist, contra.*

Heard before LETTON, DEAN and DAY, JJ., CORCORAN and Goss, District Judges.

Goss, District Judge.

Plaintiffs, the widow and minor children of Ben Janesovsky, brought this action for loss of means of support caused by the death of the husband and father in an automobile accident shortly after midnight of July 19, 1919. The jury returned a verdict for plaintiffs for $8,958, and defendants appealed.

This action was brought under the 1917 liquor law (Laws 1917, ch. 187). It expressly repealed sections 3844 to 3894 of the Revised Statutes for 1913, commonly called the "Slocumb Law." The pertinent portions of the present act are as follows:

"Section 52.  Any wife, child, parent, guardian, employee, or other person who shall be injured in person or property or means of support, by intoxication of any person, shall have a right of action against any person, association, or corporation, who by himself, his agent, or servant illegally furnished the intoxicating liquor that caused or contributed to the intoxication of such person, for all damages sustained."

"Section 54.  On the trial of any suit under the provisions hereof, the cause or foundation of which shall be the acts done or the injuries inflicted, by a person or persons under the influence of liquor, it shall only be necessary to sustain the action to prove that the defendant or defendants sold, gave, or furnished intoxicating liquors to the person or persons so intoxicated or under the influence of liquor whose acts or injuries are complained of, on that day or about that time, when the act was committed or injuries received."

"Section 58.  The legislature hereby declares this act to be for the immediate preservation of the public peace, health, and safety, and all its provisions shall be liberally construed for that purpose."

Appellants complain of instruction No. 6, given by the court, in which he told the jury that, if the defendants furnished the deceased "intoxicating liquors which caused or contributed to his intoxication, and that his death occurred by accident caused or contributed to by such intoxication," they should find for plaintiffs.  They declare that, under the law, there is no liability unless there is intoxication and injury by that intoxication alone, that all causes of injury, save that of intoxication, are excluded, and that the intoxication must be the proximate cause of the injury, and not merely a contributing cause.

We think that all of section 52, construed with section 54 in the liberal manner enjoined by section 58, justify the instruction given by the trial judge.  Under the former law, section 3862, Rev. St. 1913, was identical with section 54 of the present act, and was repeatedly con-

strued when questions arose as to what must be the proximate cause of the damages on account of which suits were brought. Under the old law the traffic was denounced; here the intoxication of a party having dependents is made the basis of suit against any defendant who furnishes liquor to the person so intoxicated or under the influence of liquor, where acts are done or injuries are inflicted by reason of such intoxication. In construing the language of this section it has been held by this court many times that it is not necessary that the liquor furnished be the sole, or even the principal, cause of the injury. A few of the cases are: *McClay v. Worrall*, 18 Neb. 44; *Cornelius v. Hultman*, 44 Neb. 441; *Gran v. Houston*, 45 Neb. 813; *Schiek v. Sanders*, 53 Neb. 664; *McClellan v. Hein*, 56 Neb. 600; *Smith v. Lorang*, 87 Neb. 537.

We conclude that it was not error for the court to give the instruction, and likewise he did not err in refusing the converse requested by defendants.

Complaint is also made of instruction No. 11, as to the finding of the jury concerning the inability of the deceased to protect himself, by reason of intoxication, from the results of accidents or circumstances to which he was subjected. We do not think the jury limited this to his inability to protect himself at the instant of the fatal accident, or that it can be construed in such narrow limits. This instruction was adapted from *Gran v. Houston*, 45 Neb. 813, 826, omitting a portion which might have made the criticisms here applicable. The instruction directed the attention of the jury to the inability of the deceased to protect himself, not alone at the instant of impact, but during his wild ride to death. At the best, even the driving of so dangerous an instrument as an automobile is an invitation of disaster to an intoxicated person, because the driver may not only speed to death as deceased did in this case, but he may not be able to protect himself from injury by other vehicles as a sober man might do. Inasmuch as this instruction applies to the circumstances

from the time deceased entered his car until he ran it into the railroad, it was proper.

Misconduct of plaintiffs and attorneys during the trial and argument is asserted by appellants; but, inasmuch as this was not objected to, nor was the court given an opportunity to pass upon it, at the time, it will not suffice here. *Chicago, B. & Q. R. Co. v. Kellogg*, 54 Neb. 127; *Kriss v. Union P. R. Co.*, 100 Neb. 801.

Misconduct of the jurors is alleged, in that it is claimed that the verdict was a quotient verdict arrived at by each juror writing on his ballot a sum which he thought ought to be the verdict and then dividing the total by twelve. The correct rule is that this, of itself, does not make the verdict a quotient verdict, when the result is afterward assented to by each juror as his verdict. *Reick v. Great N. R. Co.*, 129 Minn. 14; *Clary v. Blondel*, 178 Ia. 101; *Village of Ponca v. Crawford*, 23 Neb. 662. Moreover, the issue of fact, presented by affidavits and counter affidavits of jurors, was passed upon by the trial court. This will not now be disturbed. *Canon v. Farmers Bank*, 3 Neb. (Unof.) 348; *Farmers Irrigation District v. Calkins*, 104 Neb. 196.

Lastly, we find no errors in the admission of evidence or in the record as to the analysis of the cider furnished by defendants to the deceased. The disagreement of the experts has been passed upon properly by the jury.

The judgment is

AFFIRMED.