FRIEDA R. HESS, APPELLANT, V. CHARLES W. TAYLOR, STATE SUPERINTENDENT OF PUBLIC INSTRUCTION, APPELLEE.

5 N. W. (2d) 346

FILED AUGUST 14, 1942.  No. 31428.

*T. R. P. Stocker* and *Bruce Fullerton,* for appellant.

*Walter R. Johnson, Attorney General,* and *Edwin Vail, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CAR-. TER and YEAGER, JJ., and ELLIS, District Judge.

ROSE, J.

In this case there was an application to the district court for Lancaster county by Frieda R. Hess, relatrix, a public-school teacher, for a peremptory writ of mandamus commanding respondent, Charles W. Taylor, state superintendent of public instruction, to issue to her, as an official duty, a Nebraska permanent elementary school certificate or life certificate in compliance with the provisions of sections 79-1302 and 79-1303, Comp. St. 1929, authorizing him to do so.

Respondent had issued to relatrix July 1, 1935, a Nebraska first grade elementary school certificate valid until July 1, 1938, which authorized her to teach school during that period of time. She alleged in her petition that, by teaching and by additional education, she had qualified herself under the statutes cited for a life certificate which respondent upon demand, and in disregard of his official duty, refused to issue.

The trial court granted an alternative writ of mandamus directing respondent to issue the certificate demanded by relatrix or show cause for failing to do so.

The substance of the answer to the alternative writ, in addition to a general denial of unadmitted allegations in the petition, is that relatrix did not make the statutory application for a life certificate or tender the statutory fee of one dollar for the issuance thereof until after the legislature so amended the law as to take from respondent the power to issue the life certificate demanded by her.

Upon a trial of the cause the district court took respondent's view of the law and the facts, declined to issue a peremptory writ of mandamus and dismissed the action. Relatrix appealed to the supreme court.

In support of assigned errors in the proceedings and judgment of the district court, counsel for relatrix argue that she qualified for the life certificate demanded under her three-year first grade elementary school certificate and un-

der sections 79-1302 and 79-1303, Comp. St. 1929, by teaching three years and by further educational requirements thereof and consequently is entitled to a life certificate under the statutes cited. Is her position tenable under the law and the facts? Among other enactments, section 79-1302, Comp. St. 1929, provides:

"All certificates shall be issued by the state superintendent of public instruction upon application forms to be prescribed by the state superintendent and upon the payment by applicant of a fee of One Dollar ($1.00) to the state superintendent for each certificate. All certificates shall be valid for a period of three years from date of issuance thereof except permanent certificates which are valid for life unless permitted to lapse as hereinafter provided."

Section 79-1303, Comp. St. 1929, provides in part:

"The Nebraska permanent elementary school certificate shall be valid in kindergarten to eighth grade inclusive in any school in the state. The requirements for this certificate shall be a Nebraska third grade elementary school certificate or certificate of equal or higher rank and two years (sixty (60) semester hours) of college work including fifteen (15) hours in education and three years of teaching experience. It shall be valid for life unless permitted to lapse by three consecutive years of nonuse. It shall be revived by earning twelve (12) semester hours of college work including three hours in education since the issuance of such certificate."

Relatrix did not apply for a life certificate upon an application form to be prescribed by respondent or pay or tender the one-dollar fee for issuance thereof until after the legislature so amended the law as to raise the standards of qualification for teachers and to make no provision for the issuance of the life certificate demanded by relatrix. Laws 1937, ch. 184, secs. 2, 3. This act of 1937 is not retroactive but, by specific provision, it went into effect September 1, 1938. Laws 1937 (p. 741) sec. 26. Relatrix, therefore, had until September 1, 1938, under the old law, to apply for a life certificate upon an application form to be prescribed by

respondent, to pay the one-dollar fee for issuance thereof and to show she had taught for three years and had otherwise qualified. She did not meet all these requirements while the old law was in force.

Her counsel insist nevertheless that she is entitled to a life certificate because she had to her credit all the statutory requirements therefor while the old law was in force, in view of advice given to her by respondent before the new law went into effect. In this view of the law and the facts there was an offer to pay the fee of one dollar for issuance of the life certificate. Relatrix testified that in the spring or summer of 1938 she called personally on respondent at his office and asked him what she should do to make her first grade elementary school certificate permanent. Referring to her three-year certificate, she testified further: "I gave it to superintendent Taylor. I asked him what steps I should take under this law that was going into effect, if it had anything to do with my certificate, if it included me in that law. He looked at the certificate and said that after three years' teaching experience your certificate automatically becomes life, permanent certificate, and you are just over the fence. There isn't anything you need to worry about."

The proper inferences from the record are that, at the time of this conference, relatrix had not yet completed "three years of teaching experience" and that respondent was not then authorized to issue to her a life certificate. He did not tell her that an application and a fee were unnecessary. The statutory provisions for an application and a fee needed no interpretation. The statute provided that "all certificates shall be issued by the state superintendent of public instruction upon application forms to be prescribed" by him and required a fee. It would be imputing too little knowledge to relatrix, a school-teacher, to imply she did not know that a formal certificate, bearing the signature of the state superintendent of public instruction and his seal of office, was the evidence of her privilege to teach school or that she could have a life certificate without such

evidence; but, even if relatrix interpreted the advice of respondent correctly, the advice so given did not take the place of power to issue a permanent or life certificate after authority to do so had been taken from him by the legislature.

Relatrix has not lost the privileges of her profession. Respondent issued to her under the new law a certificate authorizing her to teach public school in the grades for which she has qualified.

A peremptory writ of mandamus should be issued only where the legal right to it is clearly shown. *State v. Weston*, 67 Neb. 175, 93 N. W. 182; *Gutschow v. Ramser*, 87 Neb. 591, 127 N. W. 881. Under this rule the unanimous opinion is that relatrix has not made a case for the relief demanded by her.

AFFIRMED.