### IN THE

# SUPREME COURT OF NEBRASKA.

## JANUARY TERM, A. D. 1892.

PRESENT:

HON. SAMUEL MAXWELL, CHIEF JUSTICE.
HON. T. L. NORVAL, } JUDGES.
HON. A. M. POST,

EDGAR A. BOURNE ET AL. v. STATE, EX REL. JOHN W. TAYLOR.

[FILED JUNE 11, 1892.]

1. **Schools:** REGULATIONS: THE BOARD OF TRUSTEES of a high school has power to adopt and enforce appropriate and reasonable rules and regulations for the government and management of the schools under its control.

2. ———: ———: REPORTS TO BE SIGNED BY PARENTS. A rule which makes it the duty of a teacher to keep a record of the standing of each pupil in the studies pursued by him, of his attendance and deportment, to send each month by the pupil a written report of the same to his parent or guardian, and which requires such parent or guardian to sign and return the same to the teacher, is a reasonable one.

ERROR to the district court for Nemaha county. Tried below before BROADY, J.

4                    (1)

*E. W. Thomas,* and *E. A. Bourne,* for plaintiffs in error:

Whether a rule or regulation of the school authorities is reasonable or valid is a question of law for the court. (*Fertich v. Michener,* 111 Ind., 472; *State v. Vanderbilt,* 18 N. E. Rep. [Ind.], 366.) The rule in the case at bar is reasonable and proper. (*King v. Sch. Board,* 71 Mo., 629; *Burdick v. Babcock,* 31 Ia., 562; *Abel v. Clark,* 24 Pac. Rep. [Cal.], 383; *Deskins v. Gore,* 85 Mo., 485.

*W. H. Kelligar,* and *G. W. Cornell, contra:*

Regulations by a school board will be set aside by the courts whenever found to be unreasonable, or not in accordance with the general law of the state. (*State v. School Dist.,* 31 Neb., 552; *State v. White,* 82 Ind., 278; *Morrow v. Wood,* 35 Wis., 59; *Trustees v. Van Allen,* 87 Ill., 303.) The rule is void, first, because it does not concern the imparting of knowledge, and, second, because, as applied in this case, it is a violation of the written law of this state. (*State v. Bd. of Education,* 63 Wis., 234; *State v. Sch. Dist.,* 31 Neb., 552; *Perkins v. Board,* 9 N. W. Rep. [Ia.], 356; *Holman v. Trustees,* 43 N. W. Rep. [Mich.], 997.)

NORVAL, J.

This was a proceeding by *mandamus* brought in the district court to compel the board of trustees of school district No. 36 of Nemaha county to reinstate Guy R. Taylor, the relator's son, as a pupil in the public schools. Issues were formed and the cause was tried in vacation before the Hon. J. H. Broady, one of the judges of the district court of that county, who granted a peremptory writ of *mandamus* as prayed.

The facts are these: Nemaha City constitutes school district No. 36 of Nemaha county and is governed by a board of trustees consisting of six members. The relator is a resident and a taxpayer of said district. His son, Guy

R., is about twelve years of age, and for some time prior to the 9th day of March, 1891, was a pupil in regular attendance and in good standing in the public schools of said district. One Thomas J. Williamson is, and has been for some time, the principal of said school. The school board had adopted rules for the government of the public schools which relator's child was attending, and the principal was charged with the enforcement of the same. One of these rules, which had been continuously enforced since September, 1890, was to the effect that the teacher keep a record showing the attendance, deportment, and standing in scholarship of each pupil, and that at the end of each month the teacher should make from such record a report card for each pupil showing his punctuality, deportment, and scholarship for the month, and send the same by such pupil to his parent or guardian. The rule further required each pupil, within eight days, to return to the teacher this report card signed by his parent or guardian, and in case of failure to so return the same, duly signed, the pupil was to be sent home to get it signed. Of the existence of this rule relator and his child had been duly informed, and each month from September, 1890, to February of the following year the principal of the schools and made out and delivered a report card to relator's son as required by the rules and regulations of the board of trustees, which was regularly returned duly signed by the relator. In February, 1891, the monthly report card of said Guy R. Taylor was made out and sent to relator in the usual manner, which relator refused to sign, and the same was returned to the principal unsigned. Thereupon Mr. Williamson sent Guy home for the purpose of obtaining his father's signature, who, on returning to school, reported that neither his father nor mother would sign the same, and he was again sent home with the same result. The matter was brought before the school board at their next regular meeting, and the principal was directed to enforce the rule. While no order or

resolution has been passed by the school board either suspending or expelling relator's son from the schools, yet the enforcement of the rule above referred to has had the effect of excluding him from the school until the monthly report card is signed and returned. This, to all intents and purposes, amounts to a suspension.

The school district of which respondents are trustees was organized under subdivision 6 of chapter 79, Compiled Statutes, entitled "Schools." Section 3 of said subdivision provides that "Said trustees shall have power to classify and grade the scholars in such district, and cause them to be taught in such schools and departments as they may deem expedient; to establish in such district a high school when ordered by a vote of the district at any annual meeting, and to determine the qualifications for admission to such schools, and the price to be paid for tuition on any branch therein; to employ all teachers necessary for the several schools of said district; to prescribe courses of study and text-books for the use of said schools, and to make such rules and regulations as they may think needful for the government of the schools, and for the preservation of the property of the district, and also to determine the rate of tuition to be paid by non-resident pupils attending any school in said district." By this section, and the incidental powers possessed by school boards, the board of trustees of a school district has the power to adopt and enforce suitable rules and regulations for the discipline, government, and management of the schools under its control, but the rules must be reasonable and just. The authority thus conferred carries with it the power to enforce such rules, when absolutely necessary, by the suspension or expulsion from the school of any pupil who has persistently non-complied with the same. This is practically conceded by counsel for relator, but it is contended that the rule in question, under which relator's son was excluded from the school, is unreasonable, because it does not relate to a sub-

ject which concerns the education of the pupil or the discipline of the school, therefore the respondents had no authority to adopt or enforce the same. In this view we are unable to concur. It will be noticed that this statute expressly confers upon the trustees the power to classify and grade the scholars. To do this successfully it is important for them to know the progress made by each pupil. There is probably no better manner of determining the proficiency of the students in their studies than by a correct system of marking by the teachers on their daily recitations. This, when conscientiously done, materially aids in the proper classification of the pupils. Some system of marking the standing and proficiency of the pupils is generally adopted by all graded schools. It tends to stimulate the pupils to higher scholarship. That the respondents had the power to require the teacher to keep a record showing the standing and proficiency of each scholar in the branches taught, as well as his attendance and punctuality, cannot be doubted, and we think a rule is not unreasonable or harsh which makes it the duty of the teacher to send each month by each pupil a written report of his standing to his parent or guardian for examination, and to require that the same be returned to the teacher with the signature of the parent or guardian. By this method the parent is not only informed of the standing of his child, but the regularity of his attendance. The relator has frequently recognized the reasonableness of this rule by repeatedly signing and returning to the teacher the report cards. No valid excuse has been offered for not signing the last one sent him. The objection made at the time for so doing was that his son's standing was not so good as it had been during the months preceding. His excuse did not justify him in refusing to comply with a rule prescribed by the board.

An examination of authorities cited in relator's brief will show that they do not sustain the position for which he contends.

*State v. Board of Education,* 63 Wis., 234, was a case where a pupil was suspended for refusing to comply with a regulation of the school, to the effect that each scholar, when returning to school after recess, should bring a stick of wood for the fire. It was decided that the regulation was invalid and that a pupil cannot be suspended for failing to comply therewith.

In *Holman v. School Trustees,* 43 N. W. Rep. [Mich.], 997, it was held that a rule adopted by the school board which authorized the suspension of a pupil from school for failure to pay for or replace a window-pane broken by him, was without authority and void. To the same effect is *Perkins v. School District,* 9 N. W. Rep. [Ia.], 356.

In *State v. School District,* 31 Neb., 552, it was held that while the school trustees of a high school have the power to prescribe what branches shall be taught and what text-book shall be used, the parent has the right to decide what particular branch of studies of those prescribed to be taught shall be pursued by his child, and, if the selection is reasonable, it must be respected by the board.

It is obvious that none of these decisions meet the question now before us. It is clear that the relator is not entitled to the relief demanded. The judgment is reversed and the action

DISMISSED.

THE other judges concur.