AMBROSE AFFHOLDER ET AL. V. STATE OF NEBRASKA, EX REL. PETER MCMULLEN.

FILED MARCH 17, 1897.    No. 7180.

1. **Constitutional Law:** TITLES AND SUBSTANCE OF BILLS. Section 11, article 3, of the constitution should be so liberally construed as to admit of the insertion in a legislative act of all provisions which, though not specifically expressed in the title, are comprehended within the objects and purposes of the act as expressed in its title, and to admit all provisions which are germane, and not foreign, to the provisions of the act as expressed in its title.

2. **Schools and School Districts:** PURCHASE OF TEXT-BOOKS: VALIDITY OF STATUTE. Chapter 46, Session Laws of 1891, contains no subject that is not germane to the object of the act as expressed in its title, and, therefore, does not violate the provisions of section 11, article 3, of the constitution, that "No bill shall contain more than one subject, and the same shall be clearly expressed in its title." Said act is complete in itself and does not violate the requirement of section 11, article 3, of the constitution, that "No law shall be amended unless the new act contain the section or sections so amended, and the section or sections so amended shall be repealed."

ERROR from the district court of Burt county.    Tried below before AMBROSE, J.    *Affirmed.*

*H. H. Bowes*, for plaintiffs in error.

*Charles T. Dickinson, contra.*

*John H. Barry* and *H. Gilkeson, amici curiæ.*

RAGAN, C.

In the district court of Burt county Peter McMullen made application for a peremptory writ of *mandamus* to

compel Ambrose Affholder and others, constituting the school board of school district No. 58 of said county, to purchase and furnish to the children of school age of said district necessary text-books in accordance with the provisions of chapter 46 of the Laws of 1891, being subdivision 18 of chapter 79, Compiled Statutes. An alternative writ was issued, and for a return thereto the school board interposed the defense that said act was unconstitutional. The writ was issued as prayed, and the school board has prosecuted here a petition in error.

1. The first argument is that the act under consideration violates section 11, article 3, of the constitution, which provides: "No bill shall contain more than one subject, and the same shall be clearly expressed in its title." The title of the act in question is, "An act to provide cheaper text-books, and for district ownership of the same." (Session Laws, 1891, ch. 46, p. 334.) Section 10 of this act also provides: "The provisions of this act shall include all school supplies." The argument is that the object of the act, as expressed by its title, is to require school boards to provide text-books for their districts, and that the subject "supplies," mentioned in the tenth section of the act, is not included in nor germane to the term "text-books," the subject of the act under consideration. In other words, it is insisted that the act in question contains two subjects, viz., "text-books," which is provided for in the title of the act, and "school supplies," which is not mentioned in the title of the act. But this constitutional provision should be liberally construed, and so construed as to admit of the insertion in a legislative act of all provisions which, though not specifically expressed in the title, are comprehended within the objects and purposes of the act as expressed in its title; and to admit all provisions which are germane, and not foreign, to the purposes of the act as expressed in its title. (*Barnhill v. Teague*, 96 Ala., 207; *State v. Madson*, 45 N. W. Rep. [Minn.], 856.) In *Kansas City & O. R. Co. v. Frey*, 30 Neb., 790, it was held: "A bill which has but one general ob-

ject that is clearly expressed in the title thereof is not objectionable on the ground that it contains two or more subjects." The general object of the act under consideration was to require school districts, at public expense, to furnish text-books for the use of the children attending school. This object is clearly expressed in the title of the act, and the question is whether the words "school supplies," found in the tenth section of the act, is embraced within the meaning of the term "text-books." "School supplies," as used in this act, means maps, charts, globes, and other apparatus necessary for use in schools, and we think that a chart or a map or a globe is as much a text-book as a reader or speller within the purposes and intention of the act under consideration. Section 6, article 8, of the constitution of Nebraska provides: "The legislature shall provide for the free instruction in the common schools of this state of all persons between the ages of five and twenty-one years." What methods and what means should be adopted in order to furnish free instruction to the children of the state has been left by the constitution to the legislature. Prior to the passage of the act under consideration instruction in all public schools was gratuitous, and by this act the legislature has seen fit to require the various school districts to purchase text-books necessary to be used in the schools. We do not think the term "text-books" should be given a technical meaning, but that it is comprehensive enough to and does include globes, maps, charts, pens, ink, paper, etc., and all other apparatus and appliances which are proper to be used in the schools in instructing the youth; and we conclude, therefore, that the act under consideration is not broader than its title, and that the term "school supplies," found in the tenth section of the act, is not foreign to the term "text-books" found in the title of the act, but is germane to, and comprehended and included within, the term "text-books."

2. A second contention is that the act under consideration violates said section 11, article 3, of the constitution,

because it in effect modifies or amends certain sections of the general school law, and that these sections modified or amended are not contained in the act under consideration, and the amended sections of the general school law are not by this act repealed. We do not decide whether the act under consideration modifies or amends any provision of the general school law, for if it does, it is not for that reason unconstitutional. The act under consideration is a complete act in itself, and such an act is not inimical to the constitutional requirement that no law shall be amended unless the new act contains the section or sections so amended, although such complete act may be repugnant to, or in conflict with, the prior law not referred to nor in express terms repealed by the later act. (*State v. Cornell*, 50 Neb., 526, and cases there cited.) The judgment of the district court is right and is

AFFIRMED.