STATE, EX REL. ANTON PINKOS ET AL., APPELLANTS, V. ROBERT H. RICE, APPELLEE.

FILED MARCH 13, 1915. No. 18903.

1. **Mandamus:** OFFICERS: PERFORMANCE OF DUTIES. The discretion of a public officer cannot be controlled by mandamus, but when a specific duty is made plain by statute, and the officer is not given any discretion in the matter, one for whose benefit the duty is to be performed may compel its performance by mandamus.

2. **Appeal:** SUPERSEDEAS: CONDITIONS: FORECLOSURE. Upon decree of strict foreclosure of a contract of sale of real estate, the supersedeas bond upon appeal to this court should contain the condition that the defendant will pay the reasonable value of the use of the premises pending the appeal if the decree is finally affirmed.

Appeal · from the district court for Antelope county:
Anson A. Welch, Judge.  *Affirmed.*

*B. F. Good, E. D. Kilbourn* and *A. M. Bunting,* for appellants.

*Ralph M. Kryger, Lyle E. Jackson* and *O. A. Williams,*
contra.

Sedgwick, J.

Harry Thissen obtained a judgment in the district court
for Antelope county against these plaintiffs, Anton Pinkos
et al., foreclosing a contract of sale of real estate.  The
decree of strict foreclosure found the amount due Mr.
Thissen and directed ·its payment on or before a day fixed
in the decree, with interest, and continued: "If said pay-
ment is made as above provided, said plaintiff to convey
to defendants the above described premises, by a good and
sufficient deed."  But, if payment was not made as di-
rected, then the defendants "shall be forever barred and
foreclosed of all interest, either vested or contingent, and
all equity of redemption, in said premises, and final writ
of ouster to issue and plaintiff be put in possession of said
premises."  The defendants applied to the court for a
supersedeas and to fix the amount of the bond.  The court
allowed the supersedeas and directed that the bond be
"conditioned that defendants will prosecute appeal with-
out unreasonable delay; will not, during pendency of ap-
peal, commit, or suffer to be committed, on said premises,
waste of any character whatsoever; that defendants will
pay all costs, and also pay to plaintiff the reasonable value
of the use and occupation of said premises from December
1, 1914, until delivery of possession of said premises to
plaintiff, if this decree be affirmed."  The defendants in
that case tendered to the clerk of the court a bond for his
approval, and the clerk refused to approve the same be-
cause it did not contain the condition to "pay to plaintiff
the reasonable value of the use and occupation of said
premises," as directed by the court.  The defendants in
that case then brought this action in mandamus against

the clerk to require him to approve the bond. The district court found in favor of the defendant and dismissed the proceedings, and the plaintiffs herein have appealed.

1. The first contention is that mandamus is not the proper remedy. It is, of course, well settled that mandamus cannot be used to control the discretion of a public officer. The plaintiffs however, insist that the statute fixes the bond, and that the order of the court requiring this additional condition was without jurisdiction and of no effect, so that the clerk had no discretion in the matter. Under such circumstances mandamus would be the proper remedy.

2. The principal question in this case is as to whether the court had jurisdiction to direct that the bond contain this condition, to pay the reasonable value for the use and occupation of the premises while the case was pending if the decree of foreclosure was affirmed. The statute formerly provided for a supersedeas in such case without this condition, but chapter 126, Laws 1903, amended this statute in this regard, and provided that, when the decree "directs the sale or delivery of possession of real estate, * * * and if the appeal be from an order of confirmation of sale the bond shall be further conditioned, if the appellant will pay to the purchaser the value of the use and occupation of the property from the date of the undertaking until the delivery of the possession if the order appealed from be affirmed." The decree of strict foreclosure is equivalent to the confirmation of sale in an ordinary foreclosure and comes within the meaning of this section. The court, therefore, did right in requiring this condition in the bond, and the clerk was not required to approve the bond without that condition. See *Escritt v. Michaelson*, 73 Neb. 634, and on rehearing, 640, where a somewhat similar question is considered.

The judgment of the district court is therefore

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.