STATE OF NEBRASKA EX REL. ORIVAL L. SHINEMAN ET AL., APPELLANTS, V. BOARD OF EDUCATION, SCHOOL DISTRICT NO. 33 ET AL., APPELLEES.

42 N. W. 2d 168

Filed April 6, 1950. No. 32786.

*Stiner & Boslaugh,* and *Leon Samuelson,* for appellants.

*Spence & Long,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

In this action relators sought a writ of mandamus requiring the respondents to furnish and make available in the school operated by respondents a kindergarten or beginner grade for children who attained the age of five years but not six years on or before October 15, 1949. The trial court denied the writ. Relators appeal. We affirm the judgment of the trial court.

The relators are parents of children over five years of age and, at the time this action was begun, not yet six years of age. They are residents of the city of Franklin and of School District No. 33 in Franklin County.

The respondents are the Board of Education of School District No. 33.

The district is a class III district as defined in section 79-102, R. S. Supp., 1949. The district has never maintained in its schools a kindergarten or beginner grade as distinguished from a first grade. Before the budget was adopted in June 1949, the question of establishing a kindergarten was considered but not adopted because of financial reasons and lack of available room. In August 1949, the Board of Education considered and denied a petition for the establishment of a kindergarten. At the' beginning of the school term on September 12, 1949, the relators presented their children for admission as members of a kindergarten or beginner grade and were denied admission because such a grade was not maintained. It was stipulated that had the district provided a kindergarten grade the children would have been required to

attend. Relators did not request that the children be admitted to the first grade. Shortly thereafter this action was begun for the writ and with the result above stated.

Relators present the question here as to whether or not it is mandatory that a class III school district maintain and operate a kindergarten or beginner grade for the instruction of children more than five years old but not six years old.

The respondents state the question as follows: "Will mandamus issue to compel a school district to establish, maintain, and operate either a kindergarten or a beginner grade preliminary to the first grade for the instruction of children who have attained the age of five years but have not reached the age of six years?"

We have held that a court has no power by mandamus to control the decision of those matters which are left by statute to the discretion of the governing body of a governmental agency, and that a peremptory writ of mandamus should be issued only where the legal right to it is clearly shown. State ex rel. Strange v. School District, 150 Neb. 109, 33 N. W. 2d 358.

Relators contend that the mandatory duty exists and that the legal right to the writ of mandamus is clear.

Relators rely upon the provisions of Article VII, section 6, of the Constitution and upon sections 79-802 and 79-444, R. S. Supp., 1949.

The constitutional provision is: "The legislature shall provide for the free instruction in the common schools of this state of all persons between the ages of five and twenty-one years."

Section 79-802, R. S. Supp., 1949, is: "All schools organized within the limits of such cities shall be under the direction and control of the boards of education authorized by section 79-803. Such schools shall be free to all children between the ages of five and twenty-one years whose parents or guardians are legal residents of such district, and all children of school age, nonresidents of

the district, who are or may be by law allowed to attend the schools without charge."

Section 79-444, R. S. Supp., 1949, is: "(1) The district board or the board of education, in all classes of school districts, shall not admit any child to the first grade of any school of such district unless such child has reached the age of six years or will reach such age on or before October 15 of the current year; *Provided,* that in the event any child has successfully completed the kindergarten or beginner grade such child may enter the first grade of any such school regardless of age.

"(2) The board in all classes of school districts shall not admit any child into the kindergarten or beginner grade of any school of such school district unless (a) such child has reached the age of five years or will reach such age on or before October 15 of the current year or (b) such child has demonstrated through recognized testing procedures approved by the Superintendent of Public Instruction that he is capable of carrying the work of those grades."

The relators argue in this way—that under the constitutional provision and section 79-802, R. S. Supp., 1949, their children are entitled to free public instruction; that under the provisions of section 79-444, R. S. Supp., 1949, the children are prohibited from entering the first grade and securing the free public instruction there; and that accordingly the district is required to provide a kindergarten or beginner grade in order that the children may have the free instruction.

The constitutional provision is clearly directed to the Legislature. We held in State ex rel. Walker v. Board of Commissioners, 141 Neb. 172, 3 N. W. 2d 196, that a constitutional provision is not self-executing if the language of the Constitution is directed to the Legislature, or if it appears from the language used and the circumstances of its adoption that subsequent legislation was contemplated to carry it into effect. With reference to this provision we said in Affholder v. State, 51 Neb. 91,

70 N. W. 544, that the method and means to be adopted in order to furnish free instruction to the children of the state have been left by the Constitution to the Legislature. Clearly legislation is necessary to carry into effect the constitutional provision. It is not a self-executing provision. It follows that relators must find statutory authority to sustain their contention.

The Legislature has provided that "The district school boards and boards of education shall have the general care and upkeep of the schools, shall provide the necessary supplies and equipment, and, *except as herein otherwise provided, shall have the power to cause pupils to be taught in such branches and classified in such grades or departments as may seem best adapted to a course of study which the school board or board of education shall establish with the consent and advice of the Superintendent of Public Instruction.*" (Emphasis supplied.) § 79-443, R. S. Supp., 1949.

The statute places the general power in the school board with the consent and advice of the Superintendent of Public Instruction to establish such branches and grades as the board shall deem best adapted to the school. We find no indication in this record and it is not contended that the classification of grades in the school here involved is not in accord with the consent and advice of the Superintendent of Public Instruction.

In State ex rel. Sheibley v. School District, 31 Neb. 552, 48 N. W. 393, we construed a comparable statute and held that the school trustees had authority to classify and grade the scholars in the district and cause them to be taught in such departments as the trustees deemed expedient. In the course of the opinion we said that a parent could not require that his children be taught branches different from those in the prescribed course of the school. We so construed that opinion in Bourne v. State ex rel. Taylor, 35 Neb. 1, 52 N. W. 710. We reexamined and adhered to that opinion in State ex rel.

Kelley v. Ferguson, 95 Neb. 63, 144 N. W. 1039, 50 L. R. A. N. S. 266.

Unless otherwise provided in the act, the determination of whether or not there shall be a kindergarten or beginner grade in the respondent school is to be determined by the board of education.

This brings us to the question of whether or not the two sections of the statutes, relied upon by relators, limit the power, for otherwise the respondents have determined the question here presented adverse to the desires of relators.

Section 79-802, R. S. Supp., 1949, is relied upon by relators. The first sentence is a statement of broad powers placed in the board of education. The second sentence, upon which relators rely, refers to the subject of tuition. McNish v. State, 74 Neb. 261, 104 N. W. 186; State ex rel. Mickey v. Selleck, 76 Neb. 747, 107 N. W. 1022. It does not relate to the subjects of grades, departments, or courses of study. It has no bearing on the question here presented.

Section 79-444, R. S. Supp., 1949, relied upon by relators, deals with the subject of minimum-age requirements. As a part of Chapter 139, section 1, Laws 1931, page 385, the Legislature provided that the board of education should not be compelled to admit to the schools a child who had not reached the age of five years on or before September 1 of the current year. This became section 79-414, R. S. 1943. The 1949 Legislature first enacted section 79-444, R. S. Supp., 1949, in its present form (without the proviso in paragraph 1) as LB 381. Laws 1949, c. 258, p. 868. It then was enacted as section 83 of LB 1. Laws 1949, c. 256, § 83, p. 720. At that time the proviso was added and LB 381 was repealed.

"The simultaneous repeal and reenactment of a statute in terms or in substance is a mere affirmance of the original act and not a repeal in the strict or constitutional sense." Sullivan v. City of Omaha, 146 Neb.

297, 19 N. W. 2d 510, on rehearing, 146 Neb. 305, 21 N. W. 2d 510.

The title to LB 381 was: "AN ACT to amend section 79-414, Revised Statutes of Nebraska, 1943, relating to schools; to increase the age at which a child can be admitted to the first grade of any school in all classes of school districts; to fix the age at which a child may be admitted to the kindergarten or beginner grade of any school of such a district except as prescribed; and to repeal the original section." Laws 1949, c. 258, p. 868.

It appears from the title as well as from the act that the Legislature intended to fix a minimum-age limit for the first grade, subject to the proviso, and a minimum-age limit for the kindergarten or beginner grade, subject to the exception of paragraph 2(b).

The 1931 act, which became section 79-414, R. S. 1943, fixed a minimum limit for all children whether entering the kindergarten or first grade in those schools which did not maintain a kindergarten. Obviously under that provision children in some schools would be entering the first grade at five years of age and some in other schools at six years of age. The act as it now stands (section 79-444, R. S. Supp., 1949) makes mandatory the age limits, subject to the exceptions, and makes for uniformity of age in the grades beginning with the first, in all the schools of the state. The Legislature did not undertake to say by this provision that all schools should provide a kindergarten or beginner grade.

The issue here presented is one for the determination of the respondents and not the relators or the court.

The relators have not shown a right to the writ.

The judgment of the district court is affirmed.

AFFIRMED.