HERMAN R. KURTH ET AL., APPELLEES, V. CITY OF LINCOLN,
A MUNICIPAL CORPORATION, ET AL., APPELLANTS.

76 N. W. 2d 924

Filed May 18, 1956. No. 33945.

*Jack M. Pace* and *Wayne R. Douce,* for appellants.

*Homer L. Kyle,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in mandamus by Herman R. Kurth and Albert P. Schwarz, plaintiffs and appellees, against the City of Lincoln, a municipal corporation, the Mayor and the respective members of the City Council of the City of Lincoln, defendants and appellants.

For cause of action the plaintiffs pleaded in substance that they and their predecessors in title were the owners in fee simple during all of the times involved of certain real estate described as Lot 52 of Irregular Tracts in the southeast quarter of Section 14, Township 10, Range 6, in Lincoln, Lancaster County, Nebraska; that on or about May 21, 1937, the city of Lincoln instituted proceedings to condemn a part of this land for street

and highway purposes (apparently the land was situated in what was at that time described as Lot 38, Irregular Tracts); that the proceeding was heard and award rendered thereon from which award the plaintiffs herein appealed to the district court; that after appeal an agreement was reached whereby the matter was settled; that by the settlement, among other things, the city agreed to zone the east 194 feet of the property remaining in Lot 38 of Irregular Tracts lying north of the Cornhusker Highway Cut-off for local business (this area appears to be the area lying to the north of the Cornhusker Highway Cut-off in what is now described as Lot 52 of Irregular Tracts); that in 1939 in performance of the agreement the city did zone this area for business; that in 1953 while the area was zoned for business the plaintiffs negotiated a lease agreement for the lease of a part of this area for the erection of a filling station; that thereafter a building permit was requested but denied by the defendant city; that it was denied for the reason that it had been rezoned for park purposes (presumably it was rezoned between the time the agreement was entered into and the building permit requested); that the rezoning and repeal of the ordinance classifying the real estate for local business purposes was contrary to and in violation of the terms of the agreement entered into by the city and the plaintiffs in 1939; that it was done without notice to plaintiffs; that it was confiscatory and in violation of the provisions of the Constitutions of the United States of America and of the State of Nebraska in that it was the taking of private property for public use without just compensation and without due process of law; and that it was arbitrary and unreasonable.

On the facts as alleged the relief prayed for was that a peremptory writ of mandamus be issued requiring the defendants to revoke and annul the present zoning classification; requiring that the defendants zone the area for local business purposes; and requiring that

a permit be issued to the plaintiffs and their successors in interest and title to erect a filling station and other buildings suitable and proper for the operation of small business enterprises.

To the petition the defendants filed a general demurrer. This was overruled. Thereafter an answer was filed. The answer admitted the alleged capacity of the defendants, the ownership of the real estate in question, and the alleged condemnation proceeding. Otherwise it was a general denial.

A trial was had to the court at the conclusion of which a decree was rendered by the terms of which the relief prayed by the plaintiffs was granted. The defendants duly filed a motion for new trial which was overruled. From the decree and the order overruling the motion for new trial the defendants have appealed.

The brief of the defendants contains three assignments of error which they contend constitute grounds for reversal. The first one is that the court erred in ordering the issuance of a peremptory writ of mandamus to the defendants commanding them to annul the present zoning, to restore the former zoning, and to grant permission for the erection of filling stations and the conduct of other business on the area.

In this assignment inheres a question which, in the light of plaintiffs' pleaded cause of action, is fundamental and must receive first consideration. The question apparently was never presented to the trial court and it has not been presented here by the briefs of the parties except to the extent that it inheres in this assignment of error. Nevertheless in the interest of legal and judicial integrity and understanding it may not be ignored.

From the petition with its prayer, which has been abstracted in considerable detail herein, it becomes clear that the action is neither nominally nor in substance injunctive in character. It is an action in mandamus. In the action is sought a peremptory writ of

mandamus requiring the governing body of the city of Lincoln to repeal a part of a zoning ordinance, to re-enact an effectually previously repealed zoning provision, and to issue general authority for the construction of unnamed structures on the described area. The decree of the district court responded affirmatively to the petition and its prayer.

No historic or contemporary rule of law or equity has come to our attention under which relief such as this under the conditions such as those described in the petition may be awarded to an aggrieved party by the extraordinary writ of mandamus. There are numerous rules the effect of which is to say that it may not be done.

One of these rules is that in order to justify the issuance of a peremptory writ of mandamus against public officers it must appear that the duty is imposed by law, that the duty exists at the time the writ is applied for, and that the duty to act is clear. State ex rel. Long v. Barstler, 122 Neb. 167, 240 N. W. 273; State ex rel. Schoonover v. Crabill, 136 Neb. 819, 287 N. W. 669; Hess v. Taylor, 142 Neb. 184, 5 N. W. 2d 346; State ex rel. Heil v. Jakubowski, 151 Neb. 471, 38 N. W. 2d 26; State ex rel. Bates v. Morgan, 154 Neb. 234, 47 N. W. 2d 512.

The purpose of this action is to compel the legislative body of the city of Lincoln by its vote to repeal a part of the zoning ordinance enacted in 1953 and to enact a new zoning provision restoring the property involved to the status it had prior to 1953. It cannot well be said that any law specially enjoins the performance of any such act or acts upon this body.

Another rule is that the discretionary powers of public officers cannot be controlled by mandamus. State ex rel. Union Fuel Co. v. City of Lincoln, 68 Neb. 597, 94 N. W. 719; State ex rel. Nebraska B. & I. Co. v. Board of Commissioners, 105 Neb. 570, 181 N. W. 530; State ex rel. Strange v. School Dist., 150 Neb. 109, 33 N. W.

2d 358; State ex rel. Evans v. Brown, 152 Neb. 612, 41 N. W. 2d 862; State ex rel. Shineman v. Board of Education, 152 Neb. 644, 42 N. W. 2d 168; State ex rel. Bintz v. State Board of Examiners, 155 Neb. 99, 50 N. W. 2d 784; State ex rel. League of Municipalities v. Loup River P. P. Dist., 158 Neb. 160, 62 N. W. 2d 682.

Obviously the action of the members of the legislative body of the city is a matter of discretion and is not the subject of mandatory control by the courts.

Another rule is that acts of public officers which are to be performed in a ministerial as distinguished from a governmental or discretionary capacity may be controlled by mandamus. State ex rel. Bates v. Thayer, 31 Neb. 82, 47 N. W. 704; State ex rel. Pinkos v. Rice, 98 Neb. 36, 151 N. W. 925; State ex rel. Ball v. Hall, 130 Neb. 18, 263 N. W. 400; State ex rel. Herman v. City of Grand Island, 145 Neb. 150, 15 N. W. 2d 341; State ex rel. Shineman v. Board of Education, *supra;* State ex rel. Smith v. Nebraska Liquor Control Commission, 152 Neb. 676, 42 N. W. 2d 297.

Regardless of what may be said concerning the portion of plaintiffs' cause of action relating to issuance of a permit to use the area involved for business purposes, it will of course not be contended that the portion referring to the repeal and enactment of zoning ordinances relates to a ministerial function. The portion related to the permit for use will be adverted to later here.

Still another rule, or more accurately a phase of the discretionary rule applicable to public officers, is that where public officers are required to examine facts and law in order to make a determination, action taken on that basis is not ministerial but is governmental and judicial and mandamus will not lie to control the action. 55 C. J. S., Mandamus, § 132 (b), p. 218; Klevesahl v. Byington, 1 Cal. App. 2d 671, 37 P. 2d 179; Taylor County Farm Bureau v. Board of Supervisors of Taylor County, 218 Iowa 937, 252 N. W. 498; Rogers v. Brown,

135 Me. 117, 190 A. 632; Harden v. City of Raleigh, 192 N. C. 395, 135 S. E. 151.

This rule is peculiarly applicable to that phase of the cause of action relating to repeal and enactment of zoning ordinances.

Under these rules it is clear that the district court was without legal right, by peremptory writ of mandamus, to command the defendants to rezone as was commanded by the decree. In this respect the decree was erroneous.

The portion of the decree commanding the issuance of a permit for use of the property for business purposes was also erroneous, under the same rules, but more particularly under the rules that the writ of mandamus is not available unless it is one specially enjoined by law, and if the officers are required to examine facts and law in order to take action.

In this case facts which the members of the city council were required to examine to ascertain whether or not the plaintiffs were entitled to a permit disclosed an ordinance which on its face denied that right. In this light, and of course, the question of the validity of the ordinance and the further question of the power of the city to issue the permit, among perhaps others, became questions of law and fact necessary to be examined.

In practical application it may be observed that, in the very nature of things, under the facts and law which required examination in this respect so long as the 1953 zoning ordinance had not been repealed, or had not been adjudged invalid and ineffective, there existed no basis for the issuance of a permit for a use other than that permitted by the ordinance. Thus it becomes clear that on this phase of the pleaded cause of action the plaintiffs were not entitled to a writ of mandamus.

The conclusion therefore is that the court erred in the entirety in granting a peremptory writ of mandamus. The further conclusion is that the pleadings

will not permit the consideration of the case on any theory other than a petition for writ of mandamus.

It follows that the decree of the district court should be and it is reversed and the action is dismissed.

REVERSED AND DISMISSED.