**Helen Everest EVANS, Petitioner,**

v.

**Nolan CARTER, Commissioner, etc., et al., Respondents.**

Court of Appeals of Kentucky.

Sept. 19, 1958.

232

Thomas Underwood, Jr., Lexington, for petitioner.

Troy Savage, Nolan Carter, Lexington, for respondents.

CULLEN, Commissioner.

By an original proceeding in this Court, Helen Everest Evans seeks an order which in substance would prohibit the circuit judge from requiring her to submit a bond in the amount of approximately $56,000 in order to supersede a judgment from which she has appealed, and would compel the judge to approve a supersedeas bond in the amount of approximately $5,500 tendered by her.

Mrs. Evans bought a tract of land from E. M. Hoaglin for $65,000, paying $10,000 down and giving notes secured by a mortgage for the balance. She defaulted in the payment of the notes and Hoaglin brought action to recover upon the notes and mortgage. Mrs. Evans counterclaimed, seeking a rescission of the purchase contract on the ground that Hoaglin had contracted to give her a clear title whereas in fact there was a prior mortgage of $35,000 against the land. The court denied relief on the counterclaim and entered judgment in favor of Hoaglin for the amount due on the notes, approximately $56,000, and directed a sale of the land to enforce the lien of the mortgage securing the notes. Mrs. Evans filed notice of appeal (in which she stated that she was appealing from that portion of the judgment denying her the remedy of rescission of the contract) and tendered a supersedeas bond in the amount of $5,500, which was sufficient to cover costs and interest and the amount recoverable for use and detention of the land pending the appeal. The circuit judge rejected the tendered bond, and announced that he would not accept a bond in a sum less than the full amount of the judgment ($56,000). As stated at the outset of this opinion, Mrs. Evans seeks an order from this Court directing the circuit judge to approve the tendered bond.

There is a serious question as to whether the remedy of prohibition may be resorted to for this purpose. See Harris Coal Corporation v. Cornett, Ky., 298 S.W.2d 320. Under the Federal practice, relief from an order of the trial court fixing an excessive supersedeas bond may be obtained by docketing the case in the appleate court

and making application for approval of a bond in a lesser amount. Moore's Federal Practice, Vol. 7, p. 3176. At least one state court has held that mandamus is the proper remedy. See State ex rel. Pinkos v. Rice, 98 Neb. 36, 151 N.W. 925.

We are inclined to feel that some remedy should be available in a case where the trial court has required a grossly excessive supersedeas bond and where the appellant may suffer a substantial detriment as a result. However, it is our opinion that in the case before us the bond fixed by the trial judge was not excessive, and was properly required to be in the full amount of the judgment.

█ Under CR 73.04, the requirement for a supersedeas bond in an ordinary case is that it be conditioned for "the satisfaction of the judgment in full." However, this Rule provides that when the judgment "determines the disposition of the property in controversy as in real actions * * * the amount of the * * * bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property * * *." Mrs. Evans maintains that she is not undertaking to supersede the money judgment against her, but only so much of the judgment as directs a sale of the mortgaged land, and therefore she comes within the clause of the Rule relating to "real actions."

We do not find a Kentucky case defining "real action," but the term is generally defined to mean those actions brought for the specific recovery of title or possession of land. See 1 Am.Jur., Actions, sec. 38,

p. 430; Hall v. Decker, 48 Me. 255. The instant action does not fall in that category, because the objective of the action is to recover a sum of money, and the mortgaged land is involved only to the extent that it may be sold to help produce the money.

█ In cases of "strict" mortgage foreclosure, when the judgment forfeits the title of the land to the mortgagee, it has been held that the supersedeas bond need be only for the value of use and detention pending the appeal. See State v. Rice, 98 Neb. 36, 151 N.W. 925. But where, as is the practice in Kentucky, the judgment of "foreclosure" merely directs that the mortgaged land be sold to enforce the lien, the courts have held that the supersedeas bond must be for the full amount of the judgment. See Beekman v. Bost, 125 Miss. 77, 86 So. 713; Samples v. Robinson, 58 N.M. 701, 275 P.2d 185.

█ Since the action here in question is not a "real action," CR 73.04 requires that the supersedeas bond be in the full amount of the judgment appealed from. While Mrs. Evans is purporting to appeal only from that part of the judgment denying a rescission of the contract, she in substance is appealing from the money judgment against her, because if she should be successful on the appeal Hoaglin would not be entitled to a judgment. Accordingly, the circuit court properly required a bond for the full amount of the judgment.

The temporary order of prohibition heretofore granted is dissolved, and a permanent order is denied.