REQUESTED BY: Dear Senator Johnson:
You have asked the following question, `Is It conceivable that the enactment of either type of limit described above might cause the public schools of this state to reduce program and course offerings to the degree that the limitation itself might run afoul of the provisions of Article VII, section 1, or other constitutional prescriptions? To wit, might not a lid, ipso, facto, insofar as it applies to the public schools, be unconstitutional?'
The types of limits that you had described above in your letter were a 7 percent annual growth limitation on receipts from the tax a governing body is authorized to levy as embodied in Request 2685 (Legislative Journal, pp. 836, et seq.) and a second limitation to be placed on the combined receipts of both local and property tax funds and funds received from state tax sources. You, of course, in your question postulate a worse case situation. We take your question to be that if the limit in effect caused public schools to fail to be in a position to provide free public instruction, might constitutional problems under Article VII arise. While there is no doubt that the Legislature is required by the constitutional provision you cite to provide free instruction in common schools, the method and means adopted to furnish that free instruction is for the Legislature to determine. See Affolder v. State,51 Neb. 91, 70 N.W. 544. That case discussed the necessity of providing text books to children attending the public schools. While your fundamental proposition may be correct, that is that if acts of the Legislature cause the cessation of the provisions of free public instruction in the schools to the citizens of this state, the action of the Legislature in that regard would be unconstitutional. However, we believe that such an extreme case does not form a rational basis for us to conclude that particular acts of the Legislature here under consideration are therefore unconstitutional.
We discern no evidence nor have we been informed of any evidence before the Legislature that a requirement limiting expenditure increases by some percentage of an existing budget will cause such hardships on schools that they will cease to be able to provide the necessary services to educate children within the state. As an example, a variety of services are presently provided by schools which from a strictly utilitarian viewpoint would not be required for the purpose of providing free public instruction. For instance, the expenditure of money on athletic programs and other similar extracurricular activities are unlikely to be found to be necessary to provide free public instruction as required by the Constitution.
The mere act of the Legislature in requiring school districts to allocate the funds they are authorized to raise in a manner different than a school board may determine desirable we do not believe would be constitutionally violative of either the Nebraska or the federal Constitution. Thus, it can be said that notwithstanding your postulate in the question you have raised unless there were some evidence or some reason to believe that a limitation of 7 percent on an annual increase in budget allotments to school districts would require the cessation of the fundamental requisites of education, we could not say that such a limitation is or potentially might be unconstitutional.
Absent such a showing we believe that the Legislature is vested with adequate constitutional authority to determine the level at which educational services will be delivered to the citizens of this state under the mandate of Article VII, section 1.
The leading federal case in this area, San Antonio IndependentSchool District v. Rodriguez, 411 U.S. 1 (1973), held that education was not a fundamental right for purposes of equal protection. Among other things the court held that the states were free to determine the method and manner in which schools were to be funded. The Legislature, except as limited by the Constitution of this state, is free to select that method which it sees fit in determining not only how schools are to be financed but to limit the amount of money that may be expended by local school districts in providing such educational services. For these reasons it is our opinion that absent some showing to support the assumptions made in your question, the limitation currently in existence under LB 1, Eighty-Fifth Legislature, First Special Session, 1978, and those potential limitations which you have discussed in your question do not violate the Constitution of the State of Nebraska, ArticleVII, section 1.